Seager v. Burns et al.

Helen A. Seager and George L. Seager, her husband, Plaintiffs in Error, *vs.* John Burns, Lewis Lillie, et. als., Defendants in Error.

WRIT OF ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

The fact that a complaint, in an equitable proceeding for specific performance, does not state facts sufficient to constitute a cause of action against each and every Defendant, is not one of the objections for which a demurrer may be interposed.

The mere fact that any party claims an interest in the property, authorizes the Plaintiff to make him a party Defendant, so that his claim may be adjudicated.

The objection that a specific performance of a contract with a married woman will not be enforced in her behalf by a court of equity, because she could not have been compelled to perform it on her part, comes too late after she has fully performed on her part, and the party objecting has fully received the benefit of such performance. The legal disabilities of married women are intended for their protection, and not to enable others to profit by them.

Possession of real estate (prior to Registry Law of 1858) under a verbal contract of sale from the owner of the legal title, would have been notice sufficient to put even an innocent purchaser upon enquiry as to the interest of the party in possession, and a judgment creditor whose lien attached after such possession, obtained only a lien upon his debtor's interest in the land.

It appears from the complaint that the Defendants Hoyt and Burns had agreed verbally, with one Thorp, to deed him a certain parcel of land, upon his improving the same to amount of $500. That Thorp was let into possession and commenced his improvements, but before they were completed, the Plaintiff, a married woman, purchased Thorp's interest in the lands, with the improvements, having obtained the promise of Hoyt and Burns that upon their completion by her they would deed the lot to her. That she went into possession, and completed the improvements, of which said Hoyt and Burns had notice.

That Hoyt had conveyed his interest in the lot, according to his agreement, but that Burns refused to convey. That one of the inducements to said Burns in making said contract, was the fact that he was the owner of a number of lots in the vicinity of the parcel in question, and that the improvements made by Plaintiff were a benefit to such lots.

That the Defendants Lillie and others, had, since the date of delivery of possession of the lot to the Plaintiff, under the agreement, obtained judgments against Burns, which they claimed as liens upon the lot in question. The Plaintiff demands

a specific performance of the contract on the part of Burns, and that the judgments referred to be declared to be no liens upon the property.

The Defendant Lillie, the owner of one of the judgments demurred to the complaint. The grounds of demurrer are stated in the opinion of the Court. The District Court sustained the demurrer, and the Plaintiffs review by writ of error.

Points and authorities of Plaintiff in Error.

*First.*—The Plaintiffs are entitled to relief as against the Defendant Burns. *Adams' Equity*, 219 and 221.

*Second.*—In construction of equity the contract between the parties was performed on the day it was made, and the title to said land and premises passed then to Thorp and his assigns, leaving in the owners Hoyt and Burns a conditional estate depending upon the performance of the contract on the part of Thorp or his assigns.

*Third.*—Prior to the act of chapter 58, of General Laws of 1858, judgment creditors took no other or greater rights against real estate by virtue of their judgment, than the judgment debtor equitably had in such real estate. Judgment creditors were not bona-fide purchasers for a valuable consideration, within the meaning of the statute. *Greenleaf vs. Edes, Minn. Rep. Vol. 2, p.* 264.

*Fourth.*—The rights of the Plaintiff having been fixed and vested prior to the passage of the Registry Law of 1858, that law cannot affect or impair such rights, and no rights gained under it can run against rights vested prior to the enactment of said law. Property once vested cannot be divested by statute. *Woodruff vs. The State, 3 Pike* 285; *Norman vs. Hunt, 5 Watts & Serg.* 171.

Points and authorities of Defendant in Error.

*First.*—The Plaintiff shows no title or right to sue.

1.—The complaint alleges *no sale, assignment or transfer* whatever to her of the original verbal contract between Thorp and Burns, and Hoyt, but simply a purchase by her of the *improvements* on the premises.

2.—The complaint shows no contract made *directly* between

the *Plaintiff* of the one part, and Burns and Hoyt of the other part.

3.—Whether as the original contractor, or as the assignee of the original contractor, the Plaintiff being at the time of the making of the contract, and also when this action was commenced, *a married woman*, cannot bring an action for the specific performance of such contract. Courts of equity will not enforce the specific performance of a contract which is *not mutual*. A contract to which an infant or married woman is a party, *is not mutual;* for it cannot be enforced *against* the infant or married woman; and consequently the remedy not being mutual, a specific performance will not be decreed *in favor of* an infant or married woman. *Fligh vs. Balland*, 4 *Russ.* 298–301; *Story's Equity Jurisprudence, Sec.* 723, *and authorities cited; Sec.* 751, *and note* 1; *Sec.* 787, *and authorities cited.*

*Second.*—The contract in this case is *verbal* and therefore *void* by Sec. 8, unless served by *Sec.* 10, of *Chap.* 62, *p.* 267, *Rev. Statutes.*

2.—Suppose the contract subject to the operation of Sec. 10, aforesaid :

(A.) An agreement to convey being *a mere executory contract*, neither transfers nor vests any present *title*, and consequently the vendee has no legal *estate* in the lands.

Hence *Sec.* 24, *of Chap.* 46, *of Rev. Stat. p.* 213, *and the act of* 1858 on same subject, have no application to such a case. Judgment would not be a lien on the interest of the vendee. Such interest could only be reached by the interposition of a court of equity.

It is by *Chap.* 47, *p.* 215, *Rev. Stat.*, that the law maker has sought to protect the interest of the vendee in such a contract, by giving him upon the record of his contract, not an *estate* in the premises but a *lien* thereon.

(B.) In the present case the Plaintiff at best has only the right reserved by *Sec.* 10. *of Chap.* 62, *p.* 267, *Rev. Stat.*, viz : The right to invoke the power of a court of equity to compel the specific performance of the contract by the other parties thereto, in case of its performance on her part—a right which by her own showing did not accrue until about the 1st day of

August, A. D. 1859, long after Defendant Lillie's rights in the premises had accrued, and which was never asserted by her, or otherwise ratified to said Lillie until the commencement of this suit.

When, therefore, Lillie obtained and docketed his judgment against Burns, the legal title to the property was fully in Burns without any prior lien, equity or incumbrance thereon, in favor of this Plaintiff. Even her right to bring this action did not then exist, and did not even accrue until nearly two years after.

Hence, even if she may maintain this action, she must take the property *cum onere* at the time her right to the conveyance accrued, and *therefore subject to the lien of Lillie's judgment.*

(C.) The principle upon which verbal contracts are taken out of the statute of frauds, is expressly to *prevent* frauds, and it is now the settled practice of courts of equity not to *extend* this class of cases. As to part performance, &c., see *Hilliard on Vendors, Chap.* 9, *Sec.* 18–25, *Vol.* 1, *pp.* 154–163.

SANBORN & LUND, Counsel for Plaintiff in Error.

ALLIS & PECKHAM, Counsel for Defendants in Error.

*By the Court.*—EMMETT, C. J.  As the Judge of the District Court did not file an opinion in this case, we are ignorant of the reasons which governed him in his decision, and upon a careful consideration of the several grounds of demurrer set forth, we have not been led to the same conclusions to which he arrived.

The statute enumerates six objections to a complaint which may be reached by a demurrer. The grounds upon which either of these objections is made, must be distinctly specified, or it may be disregarded, and it seems to follow that any objection, other than those enumerated, would not be good on demurrer, however else it may be taken advantage of.

The demurrer in this case is upon the general objection that it does not state facts sufficient to constitute a cause of action, and the grounds alleged upon which this objection is taken, are: 1.—That the complaint shows no cause of action, and no

ground for the relief asked, as against the Defendant demurring. 2.—That it shows affirmatively that the Plaintiff is entitled to no relief as against the said Defendant. 3.—That it shows that said Defendant has a lien by judgment against the property involved, which is prior to and exclusive of the rights and demands asserted by the Plaintiff.

We may remark as to the first ground of objection, that admitting that the Plaintiffs show no cause of action or ground for relief, as against the Defendant Lillie, it does not follow that they have no cause of action against the other Defendants ; that they are entitled to no relief at all.   This might be a good defence to Defendant Lillie, if the Plaintiffs sought to make him responsible in any manner, but the fact that a complaint does not state facts sufficient to constitute a cause of action, against each and every Defendant, is not mentioned in the list of objections for which a demurrer may be interposed.   It is not however necessary to determine that question in this case. This, though it is in the form of an action at law, is purely an equitable proceeding to enforce the specific performance of a contract, and it is absolutely necessary in order to conclude all persons claiming any interest in the land, that they should be made parties Defendant.   The Plaintiffs are not presumed to know what the particulars of any one's claim may be.   It is enough for them that any one makes a claim to the property. This authorizes them to make him a party Defendant so that his interest, whatever it is, may be adjudicated.   The several Defendants, being thus brought into Court, can assert their interest if they have any.   That interest may take precedence of the Plaintiff's claim to relief, but that cannot be determined until it is ascertained what it is, and whether it will be asserted. The mere fact that the Plaintiffs are obliged under our practice to proceed according to the forms of law, instead of proceeding in chancery as formerly, cannot materially change their rights. If the pleading would have been sufficient as a bill in equity, it ought to be good though it is now called by another name, and it will hardly be insisted that the allegations are not sufficient to have authorized the making of the Defendant Lillie a party to a suit in equity, to enforce the specific performance of this contract.   Nothing is more common than to make all

judgment creditors and subsequent incumbrancers, parties to the foreclosure of a mortgage, by the simple allegation that they have or claim an interest in the premises mortgaged, by judgment or other incumbrance, but without stating further particulars. And we have yet to learn that this allegation is insufficient, or that the Plaintiff must show in his complaint that he is to be preferred to all whom he makes parties to his action. When the object is to charge particular Defendants, the complainant must make out his case against them by proper averments, but when they are made parties merely because they have or claim an interest in the property sought to be reached by the action, it is enough for the Plaintiff to show his own rights, and allege the mere fact that others claim an interest. The allegation that they have or claim an interest is sufficient ground for relief against them, which in such cases is nothing more than asking an adjudication of such rights as they may assert.

In the present case the facts alleged fully entitle the Plaintiffs to relief as against the Defendant Burns, and it is further alleged that the other Defendants are judgment creditors of Burns, who obtained their judgments while the Plaintiffs were in possession of the property, under the contract with Burns and Hoyt. This possession would have been notice sufficient to put even an innocent purchaser upon enquiry as to the Plaintiffs interest, and we are unable to see how a mere judgment creditor, who obtained a lien only on the interest which his debtor had in the land, should stand in a more favorable position. It does not as yet appear when Lillie's judgment was obtained—whether since the Plaintiff Helen A. Seager completed her contract, or before. If since, he can have no equitable right as against her, and if before, she might yet be entitled to equitable relief, especially if it should appear that the judgment could be collected out of other property belonging to the judgment debtor. All these matters may be put in issue, if the Defendant asserts a claim to the property, but they cannot be disposed of, except upon a trial upon the merits.

The second ground upon which the demurrer is predicated is but a repetition of the first in another form, and of course is liable to the same objections.

Seager *v.* Burns et al.

The third ground of objection, urged by the Defendant, is that the complaint shows that Defendant Lillie has a lien by judgment against the property involved, which is prior to and exclusive of the rights and demands asserted by the Plaintiffs. To this we repeat, that it no where appears in the case that this judgment was rendered prior to the time when Helen A. Seager completed the improvements which entitled her to a specific performance of the contract with Burns and Hoyt. The fact that the judgment was so rendered may be known to exist, but it is not alleged, on the contrary, it is distinctly averred that the several judgments mentioned were obtained, and all the interest under them accrued, subsequently to the contract under which she claims, and since she has been in possession under the same.

The Defendant further urges that Helen A. Seager shows no right or title to sue. This, if it be not a mere repetition of the first point made, is but another form of stating the objection that the complaint shows, that the Plaintiff has no legal capacity to sue. Were this point well taken it would not now be regarded, because the demurrer was put upon entirely different grounds. Still we are not satisfied with the reasoning of the Defendant in error on this point. The contract with Thorp is alleged only as an inducement to, and as showing the terms of the contract with the Plaintiff. The assignment of this contract was unnecessary, inasmuch as Burns and Hoyt consented to let Mrs. Seager have the premises on the same terms.

And as to the objection that a specific performance of a contract with a married woman will not be enforced in her behalf, by a court of equity, because she could not have been compelled to perform it on her part, we think it comes too late, after she has fully performed on her part, and the other party has received the full benefit of such performance. The Plaintiff, Helen A. Seager, has been put into possession of the property under her contract, has made valuable improvements thereon, and has paid the consideration agreed upon, and it would be opposed to every principle of justice and equity to permit the other party to decline performance, now that he has got the benefit of all this, and drive her to a personal action

against him, which would be wholly inadequate to her relief, especially if he should prove insolvent.   We are not aware of any case that goes to this length.   The legal disabilities of married women are recognized and established for their protection, not to enable others to profit by them.

The judgment of the District Court is reversed and the case remanded.