MARTIN THORNTON

*v.*

JOHN W. TURNER et al.

*Held:* that the limitation prescribed by Sec. 17, Chap. 129, Pub. Stat., does not commence to run until the wall or structure intended as a mill dam interrupts the flow and raises the level of the water. When such structure interrupts the stream, it becomes, within the meaning of that section, a dam of the height to which it raises the water.

This action was brought in the District Court for Scott county, in October, 1865. The complaint shows that the plaintiff is the owner of certain meadow land in said county, through which a stream of water flows into Spring Lake; that the defendants are the owners of the land through which the outlet of Spring Lake flows; and that in the spring of 1863, they erected a dam across said outlet, whereby, during the spring, summer and fall of 1865, the waters of said lake and the streams emptying therein were penned up, and set back over the plaintiff's meadow to his damage, and so as to inter-

Thornton v. Turner.

fere with the comfortable enjoyment thereof; and that the defendants claim the right to keep and maintain the dam, so as to overflow the plaintiff's land. Plaintiff demands judgment that the dam, being a private nuisance, be abated, and for his damages, etc. A general demurrer was interposed, that the complaint does not state facts sufficient to constitute a cause of action. The court below sustained the demurrer, and the plaintiff appeals to this Court.

Henry Hinds, for appellant.

I. The complaint shows the dam to be a private nuisance, whereby a cause of action has accrued to the plaintiff for its abatement. 2 Story's Eq. Secs. 925–930; Gale & Whit. on Easements, marg. pages 275, 281, 282.

II. The complaint shows that the defendants claim a right to maintain the dam so as to overflow the plaintiff's premises. A cause of action, therefore, has accrued under the statute to determine that claim and place it in repose. Pub. Stat. page 595; S. 1; 3 Kent's Com. pages 439 and 440; Gale & Whit. on Easements, marg. pages 5, 6, 129, 175.

III. The complaint shows facts constituting a trespass to the plaintiff's real estate, whereby he is damaged. A cause of action has accrued to the plaintiff for the recovery of such damages. Sey. on Dam. pages 59 and 103. *Whipple v. Camberlin Manufac. Co.*, 2 Sto. (Maine) 661.

IV. (1.) The statute of 1858 (Pub. Stat. 849, Sec. 17,) arbitrarily limiting the commencing of an action for damages to two years after the erection of the dam, instead of two years after the cause of action accrued, is an attempt of the Legislature to deprive the citizens of all damages which accrue more than two years after the erection of the dam, and is in conflict with Sec. 8, Art. I, of the State constitution. "Every person is entitled to a certain remedy in the laws for all injuries or

Thornton v. Turner.

wrongs which he may receive in his person, property or character."

(2.)  But the statute of limitations is no defense unless pleaded specially.  This rule is so well settled, authorities are not required.  Ang. on Lim. page 331.

BROWN AND PECK, for respondents.

I.  The complaint shows that the mill dam complained of was erected in the spring of 1863, and the action was not commenced till Oct., 1865, more than two years after the erection of the dam, and is barred.  Sec. 17, Ch. 129, Comp. Stat.

II.  When the complaint shows on its face that the action is barred by the statute, a demurrer will lie.  Sec. 3, Ch. 60, Comp. Stat.; *Fellows v. Lee*, 2 Barb. 488.

III.  The plaintiff could have commenced an equitable action to restrain the defendants from building the dam, or to have abated it after it was erected; but the same should have been brought before the statute began to run.  The statute begins to run from the time when the plaintiff could have commenced his equitable action.  Story's Eq. Jur. Sec. 1521; *Bruce v. Tilson*, 25 N. Y. Rep. 194-196.

IV.  No action can be maintained for the abatement of a nuisance, where no recovery can be had at law for damages, resulting from the same nuisance.  Therefore it necessarily follows, that if the plaintiff's action at law is barred by the statute of limitations, a court of equity will not interfere in the premises.  *Smith v. Adam*, 6 Paige, 435, 443; *Coulter v. Hunter*, 4 Rand. Va. Rep. 58; *Attorney-General v. N. J. & T. Co.*, 2 Green. Ch. Rep. 136; *McCord & Hunt v. J. Ker*, 12 Ohio Rep. 387.

*By the Court*—WILSON, CH. J.—The plaintiff brought this action to recover damages for the overflowing of his land by

Thornton v. Turner.

a mill dam erected by defendants. He alleges that during the spring of 1863, the defendants built and erected a dam across the said outlet, (of Spring Lake into Long Lake,) on the defendant's said premises, and carried up, built and erected said dam to a height, to-wit, three and a half feet higher than the natural surface of the waters of said outlet, and of said Spring Lake, and of the plaintiff's said meadow lands, and ever since that time they have kept and maintained said dam, and still do keep and maintain said dam upon their said premises, whereby the natural flow and current of said outlet, and of the waters of said Spring Lake, and of the streams emptying therein, were, during all the spring, summer and fall of the year A. D. 1865, have been, and still are, impounded, penned back to, upon and over the plaintiff's meadow, and by reason of said dam, large quantities of the waters of said Spring Lake, and of the streams emptying therein, were, and during the time last aforesaid, have been and still are stopped in their flow and current, and penned up and set back, and forced upon and over the plaintiff's said premises, etc. To the complaint, the defendants interposed a general demurrer, which was sustained by the court below, and plaintiff appeals to this Court. The only question presented in this Court, is whether the complaint shows that the action is barred by the statute of limitations.

Section 17, of Chap. 127, of the Comp. Stat., provides that " no action for damages, occasioned by the erection and maintenance of a milldam, shall be hereafter sustained, unless such action be brought within two years after the erection of such dam." The plaintiff's counsel argues that the law is unconstitutional. If it is to be interpreted according to the views of defendant's counsel, we think its validity must admit of great doubt. While it is within the power of the Legislature to enact laws, limiting the time in which actions may be commenced, they have not the power to deny a remedy for any injury, either to person or property. If a structure, intended

Thornton v. Turner.

as a milldam, is erected, but not used so as to flow back water to the detriment of any person until more than two years after the date of its erection, then, according to the defendant's construction of this act, no right of action would exist in favor of those injured. If this is the meaning of the law, it would seem to be in contravention of that clause of the Constitution which provides that "every person is entitled to a certain remedy in the laws for all injuries or wrongs which he may receive in person, property or character." But this, we think, is not its meaning. The section above quoted only attempts to *limit* the time within which actions may be commenced for "damages occasioned by the erection of a milldam."

Until damage is occasioned, the right of action does not accrue, nor the time of limitation commence to run. Within the purview of this act, the height of a dam may properly be measured by the height to which it raises the water. A person may erect any structure on his own land that does not injure another, and the fact that it is intended to be used as a milldam is immaterial. When such structure interrupts the flow, and raises the level of the water, and not before, it becomes within the meaning of the act, a dam of the height to which it raises the water.

The complaint does not show that said dam raised the level of the water so as to overflow the plaintiff's land until the spring of 1865, and we think, therefore, that it does not show that the action is barred.

The order appealed from is reversed, and cause remanded.