## William W. Eastman *et al.*

### *v.*

## The St. Anthony Falls Water Power Co. *et al.*

*Section* 12, *chapter* 60, *page* 533, *Public Statutes*, fixing a limitation of ten years is applicable to an action brought for the removal of a dam, and to enjoin the erection or maintenance of a dam so as to injure the plaintiffs' described premises.

The complaint alleging that one "C. has, or pretends to have, some title to or interest in the land on the east shore of the river at the point where the dam abuts against said shore." *Held :* that C. is a proper party defendant.

This action was brought in the District Court for Hennepin County, on the 11th day of September, 1865, to remove so much of the dam of the St. Anthony Falls Water Power Company, as causes the water of the Mississippi river to flow above its natural level upon the shore of Nicollet Island, in said river, owned by plaintiffs, and thereby destroying plain-

tiffs' water. power, and to restrain the defendants from ever erecting or maintaining any dam so as to obstruct the natural flow of said river about said island. The defendants, the St. Anthony Falls Water Power Company, and Samuel Chute, demurred separately to the complaint. Two objections to the complaint only were urged, which were : first, that the plaintiffs were barred from bringing this suit by the statute of limitations, and second, that the complaint does not show that defendant Chute, has sufficient interest in the subject matter of the suit to be made a party. The allegations of the complaint in these respects are : "that ever since the year 1857, the said defendant—The St. A. F. Water P. Co.—has maintained a dam in the bed of the Mississippi River below, and near said island, &c., * * * * that a portion of said dam was erected by one Franklin Steele, at a time prior to said first of July, 1856 ; that the other and the larger portion of said dam was erected by said defendant subsequently to said first of July, 1856 ; that the said dam so maintained as aforesaid by said defendant, ever since the year 1857, has caused the water to flow back," &c., destroying plaintiff's water power.

As to defendant Chute, the allegations are : "that the defendant, Samuel H. Chute, has, or pretends to have, some title to, or interest in the land on the east shore of said river, at the point where the said dam abuts against the said shore, and as the plaintiffs are informed and believe, since about the month of November, 1864, has been, and now is, aiding and abetting the defendant, The Saint Anthony Falls Water Power Co., in maintaining the said dam."

The demurrers were both overruled, and the defendants appeal from the order overruling the same to this Court.

BIGELOW & CLARK, for Appellants.

The Respondents are barred by a statute of limitations

specially applicable to cases of mill dams, from maintaining this action. *Session laws of* 1857, *extra session*, ch. 39; *Amendment in laws of* 1858, *ch* 92, *p.* 288.

I.—*Sec.* 17 *of the Act of* 1857, as originally passed, and as amended by the act of 1858, applies to dams not erected under the provisions of the act of which it forms a part. This appears,

First: Because it is by its terms of general application. *2d Rev. N. Y., 3d ed., secs.* 40, 41, *with marg. note to sec.* 41; *Trustees of Wilson Collegiate Institute vs. Van Horn,* 3 *Denio,* 171, *marg. note.*

Second: Because the payment of damages is a condition precedent to the right to erect a dam under the act and the providing for a limitation [of suits for such damages to commence running after the erection of the dam, would not only involve incongruity and absurdity, but a violation of the constitution. *See the act passim, article* 1, *Sec.* 13, *constitution.*

Third: Because in cases of dams erected under the act, "actions for damages" are not contemplated, but the damages are to be assessed by commissioners, and by the court only in case of appeal from their assessment.

Fourth: Because in any other view of the case the words "or within one year of the passage of this act," in the original 17th section, and the words "or within three years after the passage of this act" in the amendment, can have no force or effect whatever.

II.—All actions for damages occasioned by the erection and maintenance of the dam having become long since barred by the statute, an action in equity cannot be maintained to compel its removal. *Angell on Limitations, p.* 24, 29; *Cowen and Hill's notes to Phillips on evidence, under Limitations, in the Index; Elmendorff vs. Taylor,* 11 *Whea-*

*ton*, 152, *S. C.*, 6 *Curtis*, 360; *Miller vs. McIntyre*, 6 *Peters*, 61; *S. C.* 10 *Curtis*, 24; *Hughes vs. Edwards*, 9 *Wheaton*, 489; *S. C.* 6 *Curtis*, 146; *Peyton vs. Stith*, 5 *Peters*, 485; *S. C.* 9 *Curtis*, 436; *Humbert vs. Trinity Church*, 24 *Wend.*, 585; *Demorest vs. Wynkoop*, 3 *John. Ch.* 129; *Moore vs. Cable*, 1 *John. Ch.*, 384; *The People vs. Everest*, 4 *Hill*, 71.

The above authorities sufficiently show that although statutes of limitation do not generally in express terms mention actions in equity, yet such actions are within the scope of their operation.

There are two classes of cases in which the operation of the statute upon equitable claims has been often considered, one where the only relief of which the case is susceptible is in equity. In this class of cases equity applies the same limitation that is prescribed by statute in analogous cases at law.

The other class is where there are concurrent remedies, one in law and one in equity. In this latter class of cases it is uniformly held that if the legal remedy is barred by statute, the equitable remedy by the same statute *ex suo vigore*. The case at bar is within the latter class, or if not, the same rule must apply with greater force, because the right to the legal remedy is included in and precedes the right to the remedy in equity. The only ground upon which the plaintiffs' right to the relief asked in this action can be maintained, is that the maintenance of the dam is in law as well as in fact a source of damage to them. They must establish damages in law in this suit just as much as if it was brought to recover the amount of such damages in money, otherwise they have no equity to compel a removal of the dam.

It will not avail them that its maintenance is a source of loss to them, if at the same time the defendants are not responsible for the loss. It is simply, *damnum absque injuria*.

Eastman et al. v. The St. Anthony Falls Water Power Co. et al.

By the operation of the statute the remedy for the loss or damage is barred and gone, and inasmuch as damage without a remedy is no damage in the eye of the law, the foundation of the plaintiffs' case fails.

Again, unless such statutes are held to bar the equitable remedy as well as the legal one, they are of no avail and accomplish no beneficial purpose, for all that is necessary to evade them is to invoke the powers of a Court of equity. The object and purpose of the Legislature would thus fail of accomplishment.

The evident design of the whole chapter on mill dams and mills, was to encourage and secure the permanent development and use of the water power of the State as a matter of great public importance. To this end an exercise of the high power of eminent domain was made by the Legislature. With reference to dams already erected the Legislature very obviously intended to secure their quiet and permanent existence by limiting the time within which actions for damages should be brought. The rule that the remedy in equity would be equally subject to such limitation, must have been recognized and adopted by the Legislature, or else their action is unintelligible and a failure.

III.—If we are correct in our views of the case, then of course *Sec. 12 of ch.* 60, *p.* 533 *of the General Statutes* has no application to it, otherwise we claim that the plaintiffs' claim is barred by said section, inasmuch as there is nothing in the complaint to show but that all that part of the dam which causes the water to flow back on their land was built more than ten years before the commencement of this action.

D. A. SECOMBE and LORENZO ALLIS, for Respondents.

I.—The act of 1857, and the amendment thereof of 1858,

*Chap.* 39, *ex. sess. laws*, 1857, *and Chap.* 92, *sess. laws*, 1858, have exclusive reference to the erection and maintenance of mill dams "across any water course not *navigable*," and hence have no application to the Mississippi river and the case at bar.

All the provisions of this statute must be interpreted and construed within the purview of the statute, and hence section 17 must refer solely to mill dams on water courses *not navigable.*

II.—Moreover, *sec.* 17 *of the act of* 1857, refers exclusively to an action at law for damages ; whereas the case at bar is a suit in equity. Section 17 refers to a case where the party seeks compensation by way of damages for an injury already suffered ; whereas the plaintiffs seek to prevent the further continuance of an injury now existing.

It is true Courts of equity sometimes *adopt* the statute of limitations applicable in cases at law by analogy, where the Legislature has failed to provide a statute to govern the Courts of equity in the premises, but never otherwise. But there is a general statute of limitations applicable to this case.

III.—It is not perceived that this action is barred by *sec.* 12, *ch.* 60, *p.* 533, *Comp. Stat.*, as is contended by appellants.

*By the Court.*—BERRY, J. This is an action of an equitable nature, in which the relief sought is the removal of the dam complained of, and an injunction restraining the defendants from ever erecting or maintaining a dam so as to injure the plaintiffs' described premises. The application for the interference of a Court of Equity rests, as it could only rest, upon the alleged fact that the dam is an *existing* nuisance. It is contended by the counsel for the appellants, that the limitation provided in *Section* 12 *of Chap.* 60, found on *page* 533 *Pub. Stat.*, applies to this case. By this section the time

within which actions for relief, not before specifically pro-
vided for in chapter 60, must be brought, is fixed at ten
years. It was held by this Court in *Ozmun vs. Reynolds*,
(11 *Minn.*, 459,) that chapter 60 in the matter of limitations
of actions was applicable to suits in equity, as well as actions
at law. This being so, section 12 must be held to apply to
this case, inasmuch as this is an action for relief, and an ac-
tion for the limitation of which no specific provision is made
in any section of chapter 60 preceding section 12. The cause
of action here, which is the right to have the nuisance abated
and enjoined, accrued simultaneously with the erection of the
dam so as to injuriously affect the property of the plaintiffs
below. *See Thornton vs. Turner*, 11 *Minn.*, 336. The limi-
tation of the action for relief sought in this case must be held
to commence to run from that time. But in order that the
defendants may avail themselves of the bar of the statute by
*demurrer*, it must *clearly appear* from the complaint that the
statute has taken effect. *See Williams vs. Kennedy*, 11 *Minn.*,
314 ; *McArdle vs. McArdle, ante*, 98.

The complaint here alleges "that ever since the year 1857,
the defendant has maintained a dam &c., * * * that a por-
tion of the dam was erected by one Franklin Steele at a time
prior to said first of July, 1856; that the other and the
larger portion of said dam was erected by the said defendants
subsequently to said first day of July, 1856; that the said
dam so maintained by the said defendants, ever since the year
1857, has caused the water to flow back, &c. * * *
* * * " This action was commenced September 11, 1865.
It is obvious that it does not *clearly appear* from the allega-
tions above quoted from the complaint, that the statute had run
against the plaintiffs by the lapse of ten years after the cause
of action accrued, and before the commenement of the present
proceeding. The position taken by the counsel for the appel-

lant that the action is barred "inasmuch as there is nothing in the complaint to show but that all that part of the dam which causes the water to flow back on their (respondents') land was built more than ten years before the commencement of this action," is then sufficiently answered by saying that it does not clearly appear by the complaint that the part of the dam which causes the flowage complained of, *was built* more than ten years before the commencement of this action. So far then as the demurrer rested upon *Section* 12, *Chapter* 60, above cited, it was properly overruled. We do not think any construction of section 17 of the "act to encourage the erection of mill-dams and mills" is called for in the case at bar. As already stated this is an action of an equitable nature, and in accordance with the views expressed herein, and in *Ozmun vs. Reynolds* before cited, a Court of Equity in a case of this kind acts not in analogy or obedience to a statute of limitations applicable in terms to actions at law as distinguished from suits in equity, but in obedience to a statute specifically aimed at equitable actions for relief, like the case in hand, and by which the period within which proceedings may be instituted for the relief desired is fixed at ten years. Whether the right of action at law for damages is barred or not is then immaterial, as this is an equitable action for the removal of a nuisance, &c., and therefore governed by the statutory provision expressly applicable to suits of this nature.

As to Samuel H. Chute, the allegation that he is "aiding and abetting" the respondents in maintaining the dam, is of course unavailing to constitute a cause of action against him. But it is alleged that "the said Chute has, or pretends to have, some title to, or interest in the land on the east shore of the river at the point where the dam abuts against said shore." If this be so, as one object sought in this action is

the removal of the dam, and it may be necessary to enter upon the land so claimed by said Chute for the purpose of effecting such removal, and as his title to the land, if he have any, may give him title to or control of the dam as far as the thread of the stream, we think it entirely proper that he should be made a party. If he has no right title or interest to be affected, he can disclaim, but it is certainly proper that the plaintiffs should be allowed to call into court all parties who may be necessary to a final and complete disposition of the action in case the plaintiffs should succeed. *Seager vs. Burns* 4 *Minn.* 141.

The separate demurrer of Chute was therefore also properly overruled.

The order appealed from is affirmed and the action remanded.