## Case No. 11,077.

### PHELPS v. LOYHED.
### PHELPS v. FARRINGTON.

[1 Dill. 512.] [1]

Circuit Court, D. Minnesota. 1871.

MORTGAGE FORECLOSURE—GENERAL EXECUTION.

Under rule 92 adopted by the supreme court, the power of the circuit court, in suits for the foreclosure of mortgages, to order a general execution for any balance remaining after the sale of the mortgaged premises is a discretionary one; and the court in one case refused to enter such an order where the complainant, by reason of his delay, was not entitled to it under the state statute; but it granted such an order in another case although under the state statute an action at law on the notes was barred.

These two suits are by the same plaintiff to foreclose two mortgages respectively executed by the defendants at the dates stated in the opinion of the court. The question in each case was, whether the decree of foreclosure should order a general execution for any balance which might remain after the sale of the mortgaged estate.

John B. Sanborn, for complainant.
Gordon E. Cole, for Loyhed.
Mitchell & Yale, for Farrington.

Before DILLON, Circuit Judge, and NELSON, District Judge.

DILLON, Circuit Judge. In Phelps v. Loyhed, the bill is to foreclose a mortgage dated May 1, 1858, securing a note falling due May 1, 1859. In Phelps v. Farrington, the bill is to foreclose a mortgage securing a note which matured in 1862. Both suits were commenced in this court in 1870. The only question in the cases is, whether the decrees shall order a general execution for any balance which may remain after selling the mortgaged estate.

By the statute in force when the mortgages were made, and down to this time, an action at law upon the notes is barred in six years. St. 1849–1858, p. 532; Rev. St. 1866, p. 450. Actions for relief were to be

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

commenced in ten years, and this ten years limitation applied to suits to foreclose mortgages. This is plain, and has been so decided by the supreme court of the state. Consol. St. p. 533; Ozmun v. Reynolds, 11 Minn. 459 [Gil. 341].

By statute in force when the mortgages were made, and until the Revision of 1866, it was enacted that the "court should have power to decree the payment by the mortgagor of any balance of the mortgage debt that may remain unsatisfied, after a sale of the mortgaged premises, in the cases in which such balance is recoverable at law." Consol. St. 1858, p. 671. By statute of the state also, it is enacted that, "No mortgage shall be construed as implying a covenant for the payment of the sum thereby intended to be secured; and where there shall be no express covenant for such payment contained in the mortgage, and no bond or other separate instrument to secure such payment shall be given, the remedies of the mortgagee shall be confined to the land mentioned in the mortgage." Id. 398.

After the decisions in Noonan v. Lee (1862) 2 Black. [67 U. S.] 499, and Orchard v. Hughes (1863) 1 Wall. [68 U. S.] 73, the supreme court of the United States, by rule adopted April 18, 1864, provided that, "In suits in equity for the foreclosure of mortgages in the circuit courts of the United States, a decree may be rendered for any balance that may be found due to the complainant over and above the proceeds of the sale or sales, and execution may issue for the collection of the same," &c. Prior to this rule, which was adopted after the notes and mortgages in question became due, the circuit courts of the United States had no power to order an execution for any deficit remaining after the sale of the mortgaged estate.

The rule does not require the court to render decrees for such balance, but it simply authorizes decrees of this character. If the foreclosure in the Loyhed Case were in the state court, it is quite indisputable that it would be precluded by the statutory provisions above mentioned from awarding the general execution which the complainant asks. Admitting that we may have the power under the rule of the supreme court to enter a decree for any balance which may be found due over and above the proceeds of the sale, it is a power discretionary in its nature, and one which, in the case against Loyhed, ought not, under the circumstances, to be exercised.

As to the Farrington Case:—Under the legislation of the state in 1866, repealing the provision found in the acts of 1858 (page 671, above quoted) limiting a personal judgment for the balance to cases where it is recoverable at law, and substituting therefor a special mode of foreclosure requiring a decree for the amount due, a sale, an execution for the balance, &c. (Rev. St. 1866,

pp. 565, 566), and providing (as amended in 1870) that "Actions to foreclose mortgages upon real estate shall be commenced within ten years after the cause of action accrues," we are of opinion that, in a bill to foreclose, filed after six years but within ten years from the maturity of the note, the plaintiff would be entitled to an order for a general execution for any residuum of the debt not made by the sale.

In other words, under the revision of 1866, as amended, the debt subsists in full force for all the purposes of a foreclosure for the full term of ten years, and in an action brought within that time in the state courts, though brought after six years from the maturity of the note, the mortgagee would be entitled to a decree in accordance with title 2 of chapter 81, including a right to a general execution, pursuant to section 30 thereof.

In the suit against Farrington, we will enter a decree awarding a general execution for any balance which may remain after the sale of the mortgaged premises. Ordered accordingly.