FRANCIS M. THORNTON

*vs.*

EMILY WEBB et al.

The rule laid down in *Eastman vs. St Anthony Falls Water Power. Co.*, 12 *Minn.*, 137, as to the limitation applicable to an action brought to effect the removal of a dam by which the plaintiff claims that his land is overflowed, followed.

In this case the defendant pleaded the pendency in the Supreme Court of another and former action. The Court below found that in such former action issues of fact and an issue of law had been framed in the District Court; that the issue of law was heard and determined against the plaintiff, who appealed to the Supreme Court from such determination; that as to what had been done in the Supreme Court in reference to the appeal there was no evidence before the Court; that after the appeal and before the commencement of the present action, a discontinuance of the former action had been entered in the District Court, and notice thereof given. And as a conclusion of law that under this state of facts the former action was not pending when the present action was commenced. The records of the Supreme Court showing that before the commencement of the present action the said appeal had been determined in the Supreme Court, and that in pursuance of such determination a dismissal had been entered in the Supreme Court, upon application of appellants, and payment of costs, the determination of the Court below was sustained.

A judgment in this action was rendered by the District Court for Hennepin county in favor of the plaintiff, granting the relief sought. The defendants appeal therefrom to this Court. A sufficient statement of the case appears in the opinion of the Court.

F. R. E. CORNELL for Appellants.

WILSON & McNAIR for Respondent.

*By the Court*—BERRY, J.—

I.—The relief sought in this action is the removal of a dam by which the plaintiff claims that his lands are unlawfully overflowed and damaged.    The defendants insist that as the dam complained of was erected more than two years prior to the commencement of this action, the plaintiff is denied the right to recover damages by *section* 17, *page* 849, *Public Statutes*, which is substantially the same as *section* 17, *page* 241, *General Statutes*, which reads as follows: "No action for damages occasioned by the erection and maintenance of a mill dam shall be sustained unless such action is brought within two years after the erection of said dam," &c.; and that as he cannot recover damages he cannot maintain this action to abate the dam.

The same point was made in *Eastman et al. vs. St. A. Falls W. P. Co. et al.*, 12 *Minn.*, 137, and we there held that "whether the right of action at law for damages is barred, or not, is immaterial, as this is an equitable action for the removal of a nuisance, and governed by *Sec.* 12, *Chap.* 60 *of the Public Statutes.*"   See also *Cooke vs. Kendall, ante, p.* 324.

II.—The defendants claim that "this action should have been dismissed because of the pendency of a former suit." The Court below finds "that another action was commenced by the plaintiff against the defendants with other persons for the same cause of action, (as alleged in the answer) and issues of fact and law framed upon the pleadings therein.   That the issue of law in said action was tried and determined in this Court, while the issues of fact therein were still pending and undetermined, and from the decision and order in defendants'

favor on said issue of law, said plaintiff took an appeal to the Supreme Court, which appeal was perfected, and a return thereon duly made to said Supreme Court by the clerk of this Court; that there is no evidence before me in this case of any determination of said appeal in the Supreme Court, nor of any action thereon, nor of any mandate or remittitur to this Court in the said cause; that the said plaintiff did on the 21st day of March, 1866, file and cause to be entered a discontinuance of the said former action in the office of the Clerk of the District Court of Hennepin County, and on the 22d day of March, 1866, the said plaintiff served a written notice of such discontinuance upon the attorneys for the defendants in said action. That at the time of such proceedings to discontinue by plaintiff the issues of fact in said action still remained pending in this Court."

As a corresponding conclusion of law it is found "that said proceedings to dismiss said former action were operative, and that no action was pending for the same cause at the time this suit was brought."

As to the issues (in the former action) which remained pending in the District Court, the discontinuance would appear to be sufficient under the provisions of *Sec.* 4, *page* 537, *Pub. Stat.*

As to the issue of law to which the appeal in the former action related, we find upon the records of this Court an order of dismissal entered subsequently to and in pursuance of the determination of such appeal, and on the 22d day of March, which was before the commencement of the present action. This order recites the payment of the costs and was entered upon the application of the appellants in that case. These facts which show that the former action spoken of was not pending in this Court at the time when the present action was commenced, were not made to appear to the Court

below; but the conclusion arrived at by such Court is the same as it should have been if they had been proven, and there was therefore no error in the result arrived at by which injustice was done to the present appellants.

For the purpose of upholding the determination of the Court below, when it is so manifestly correct, we feel warranted in taking notice of our own records. So doing, we are of opinion that the Court was right in finding for the plaintiff upon the issue, as to the pendency of the former action.

III.—The defendants are evidently mistaken in stating that the judgment is too broad because it requires "the removal of the whole dam instead of so much thereof as occasioned the overflow." The defendants are only required to remove it "so as not to overflow the plaintiff's land."

Judgment affirmed.