Other testimony having been offered tending to prove the guilt of *Page 625 
defendant, the solicitor, was allowed to show that after the defendant had been arrested on a justice's warrant and committed to jail to await a trial upon the charge upon which he was then arraigned, he was taken by virtue of a writ of habeas corpus ad testificandum, under custody, to Williamston to testify in the Superior Court of Martin County.
R. W. King, the sheriff's deputy who took defendant in custody to Williamston, testified as follows: "I was conveying defendant from Greenville to Williamston under an order from Judge Connor to testify in a case from Martin. He was in custody charged with the offense for which he is now being tried. I offered him no inducement to talk about it, nor said to him that it would be better for him to tell about it. I was riding along the road in a buggy with him; he had one handcuff on and was tied to the buggy. I had the warrant upon which he had formerly been arrested in my pocket; I did not tell him that I had the warrant. He knew that I was going to bring him back. He said to me that he brought the steers from a man by the name of Sam Shepherd, near Great Swamp, for twenty dollars, and offered to sell them for twenty-two dollars. He said that his mother had given him (877) thirty dollars to trade upon. I asked him why he did not try to get his cattle back after he got out of jail. He said his friends advised him not to do so, and that he had learned that it might give him some trouble. He said that he went to Roper City and Baltimore, and then came back to Martin. He was arrested by the Sheriff of Martin."
To these declarations the defendant objected, for that he was under arrest and handcuffed at the time. The Court overruled the objection, for that it appeared from the statement of the deputy sheriff, without contradiction, that the said declarations were voluntary. Defendant excepted.
Defendant testified and introduced evidence to show that he brought the oxen from Samuel Sheppard along the public road at Great Swamp, and that he used money loaned him by his mother.
There was evidence both corroborative and contradictory of the defendant's statements.
Verdict of guilty; motion for a new trial for error in admitting testimony of Kind; overruled; appeal.
The facts that a defendant was in arrest and secured by a handcuff placed on one hand and connected by a chain with the buggy in which he was riding in company with the officer, who had in his pocket the warrant under which he had been *Page 626 
committed to jail on a charge of larceny, do not of themselves constitute duress so as to exclude any material declaration made to the officer in reference to the commission of the crime of which he is accused. Unless, in such case, it appeared to the Court that the defendant was induced to make the confession or declaration by some advantageous (878) offer or by threats or actual force, by arousing hope or exciting fear in his mind, it was not error to admit the testimony of the officer. S. v. Sanders, 84 N.C. 728; S. v. Bishop, 98 N.C. 773;S. v. Graham, 74 N.C. 646; S. v. Efler, 85 N.C. 585; S. v. Howard,92 N.C. 772.
There was no error. The judgment below must be
Affirmed.
Cited: S. v. Edwards, 126 N.C. 1052; S. v. Horner, 139 N.C. 606; S.v. Lowry, 170 N.C. 734.