DAVE LOVETT, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

VERDICT IN HOMICIDE MUST STATE DEGREE.

Under the provisions of Section 2383, Revised Statutes, a verdict, on a trial for murder, that simply says: "*We, the jury, find the defendant guilty as charged in the indictment*," is a nullity; and no judgment or sentence can legally be pronounced thereon,

because it fails to ascertain and declare the *degree* of the crime of which he is convicted. Buck Hall vs. State. decided at the present term. approvingly cited.

Writ of error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*R. S. Cockrell*, for Plaintiff in Error.

*The Attorney-General*, for Defendant in Error.

TAYLOR, J.:

The plaintiff in error, on the 6th day of December, 1892, under an indictment charging him with murder in the first degree, was tried in the Circuit Court of Duval county, the trial resulting in the following verdict: "*We the jury, do find the prisoner*, Dave Lovett, *guilty as charged in the indictment, and recommend him to the mercy of the court.*" Upon this verdict he was sentenced to imprisonment for life in the State Penitentiary. From this judgment he brings his case here on writ of error; and, among other things that we do not deem it essential to notice, assigns as error that the court below erred in pronouncing any sentence upon him. This assignment is well taken. Section 2383 of our Revised Statutes makes it *imperative* that in all trials for murder where the defendant is found guilty by the verdict of a jury they *must* ascertain *by their verdict* the *degree* of the homicide of which he is guilty; and where the defendant on arraignment con-

fesses his guilt the *court must* determine the *degree upon an examination of the testimony.* In the case of Buck Hall vs. State, decided at the present term, we have fully and elaborately considered this statute, and the sufficiency of verdicts such as the one here rendered. The conclusions reached in that case apply with equal force to this one ; and it is, therefore, unnecessary to enter into any further discussion of the question here. The verdict rendered herein, in the presence of the statutory provision, was a nullity, and no judgment or sentence could legally have been pronounced thereon.

The judgment of the court below is reversed and a new trial ordered.