DAVE LOVETT, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Where a judgment entered upon a verdict of guilty as charged in the indictment on a trial since the Revised Statutes went into effect of an indictment for murder, has been reversed by this court on writ of error because the verdict did not ascertain the degree of the crime, and a new trial awarded, the accused can be tried again upon the same indictment, and such second trial will not put him in jeopardy a second time for the same offense, within the meaning of the Constitution.

2. The accused was indicted, tried and convicted of murder in the first degree before the Revised Statutes went into effect. The judgment entered on this conviction was, upon writ of error

to this court, reversed; and upon a second trial on the same indictment, after the Revised Statutes took effect, a motion was made to quash the indictment on the grounds that by the said statutes the constituent elements of the offense charged had been changed in this, that the degrees in manslaughter embraced in said offense have been done away with, and that the accused was thereby deprived of rights and benefits secured to him under the law as it existed when the offense was committed; and also that by said statutes the number of peremptory challenges allowed the accused under the former law had been cut down, and the number of such challenges permitted to the State had been inceased, to the detriment of the accused. This motion was overruled: *Held*, that the ruling was correct, and that upon the indictment the accused stood for trial under the law in force when the offense was committed, so far as the essential elements of the crime itself are concerned, and that the subsequent law made no changes in this respect as to the offense with which the accused was charged; that as to the changes in reference to the number of peremptory challenges, they relate to the remedy and afford no ground for quashing the indictment.

3. Where a motion in arrest of judgment has been overruled and there is no bill of exceptions, and nothing in the record to show that the grounds alleged in such motion are true, this court can not assume that they ever existed. The mere recital of them in the motion affords no evidence that they are true.

Writ of Error to the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

*R. S. Cockrell* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

MABRY, J.:

This is the third time that this case has been brought before us on writ of error (Lovett vs. State, 30 Fla., 142, 11 South. Rep., 550, and 31 Fla., 164, 12 South.

Rep., 452). The verdict on the second trial (31 Fla., 164, 12 South. Rep., 452), found the defendant guilty as charged in the indictment, with a recommendation of mercy to the court, and the judgment entered thereon was reversed, and the case remanded for a new trial because the verdict failed to ascertain the degree of the crime of which the defendant was convicted. Hall vs. State, 31 Fla., 176, 12 South. Rep., 449. When the case was brought on for another trial the defendant interposed a plea setting up his arraignment and the organization of the jury upon the second trial, and the submission of the issue to the jury, evidence on behalf of both the State and defendant being also submitted and the jury charged to try said issue. The plea further alleges as follows: "And thereupon the said evidence being closed, said jury retired under the charge of this court to consider of their verdict; whereupon this defendant became and was entitled to a deliverance from and by said jury, so selected, upon the issue so joined; and this defendant avers that the said jury was discharged from the consideration and determination of said issue without rendering a verdict thereon, and without the consent of this defendant, and without necessity for such discharge." The proceedings and minutes of the court of record in the cause were referred to and made a part of the plea. A demurrer to this plea was sustained.

The record shows that the jury found the defendant guilty as charged in the indictment, with a recommendation of mercy to the court. The contention of counsel for plaintiff in error is that the verdict of guilty as charged in the indictment amounted to no verdict at all, and that the discharge of the jury upon its rendition operated as a liberation of the indictment. This contention is without

legal support.   It is based upon the theory that the defendant was twice put in jeopardy for the same offense. It is said by Dillon, J., in State vs. Redman, 17 Iowa, 329:   "In general, it may be said that jeopardy begins when a trial jury, upon a sufficient indictment, in a court of competent jurisdiction, has been empanelled and sworn to try the cause.   *    *    But the jeopardy is not considered as attaching in such cases, although the jury has been sworn, if during the trial the presiding judge becomes so ill as to be unable to proceed;   * or if a juror's illness prevents him from sitting farther on the trial;   *   or if the prisoner's sudden illness incapacitates him from attending or managing his defense;   *   or if the jury, after full deliberation, are unable to agree;   *   or if the defendant is erroneously convicted, and obtains a reversal of the judgment.   In all such cases he may be put on his trial again, and can not claim a discharge or acquittal because a jury has been once before empanelled and sworn to try the cause.   And we understand the settled doctrine to be, that where the verdict is a nullity (or so defective that no judgment can be rendered upon it), the defendant may again be put upon his trial, certainly where the verdict was intended to be one of conviction, for in such case it is rather a mistrial than a legal putting in jeopardy."   In the case just quoted from, being for grand larceny, it was necessary under the law of Iowa for the jury to ascertain the value of the property, that the court might know with certainty the grade of the offense of which the defendant was convicted. The verdict rendered found the defendant guilty, which was accepted by the court and the jury discharged.   On the motion of the state the verdict was set aside, and the defendant excepted.   When the case came on for another trial the defendant pleaded

the above facts in bar of further prosecution, and to this plea a demurrer was sustained. The question of the exemption of the defendant from further prosecution was presented to the court and fully discussed. Many decisions are cited and reviewed in the opinion, and the conclusion that the defendant could be tried again fully sustained. See also People vs. Travers, 73 Cal., 580; People vs. Oldwell, 28 Cal., 456. In the case of Nolan vs. State, 55 Ga., 521, cited by counsel for plaintiff in error, where an accused was put on trial for a capital offense, and whilst he was confined in jail, in the absence of his counsel, and without his consent, the jury returned a verdict of voluntary manslaughter, and were discharged, it was held that it amounted to no verdict, and operated as a discharge of the accused. The accused in that case made a motion to set aside the verdict as being illegal, and a distinction is drawn in the decision between a motion to set aside a verdict and a motion for a new trial. The bill of rights in the Georgia Constitution declared that no person shall be put in jeopardy of life or liberty more than once for the same offense, save on his or her own motion for a new trial, after conviction, or in case of mistrial. Our bill of rights declares that "no person shall be subject to be twice put in jeopardy for the same offense, nor compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property without due process of law." Under the Georgia Constitution it was held that "two reasons only are recognized by the law as justifying the discharge of the jury before they have agreed upon a verdict and legally returned it into court, to-wit: the prisoner's consent, or necessity in some of its various forms, one of which is mistrial." When the accused in the case before us was found guilty as charged in the indictment, with

recommendation of mercy, judgment was entered against him upon that verdict, and he sued out a writ of error to this court. The second error assigned here was "the court erred in pronouncing the sentence upon this plaintiff in error as pronounced." The decision on this assignment of error was that the judgment was void because the verdict failed to ascertain and declare the degree of the crime of which the accused was convicted, and the case was remanded and a new trial ordered. Under the decision and authorities cited in the case of State vs. Redman, *supra*, we think the demurrer to the plea filed by the defendant in the case before us was properly sustained.

The defendant also moved to quash the indictment, to set aside the verdict and to arrest the judgment, and these motions were overruled. The motion to quash alleges that the defendant is by the indictment preferred against him, which was before the adoption of the Revised Statutes, charged not only with statutory murder in the first degree, but also with all the degrees of manslaughter and the other offenses included in the indictment when the same was found; that since the finding of the indictment the constituent elements of the offenses charged have been changed by the Revised Statutes, and "that degrees in manslaughter have been done away with by the Revised Statutes in such sort that this defendant can not now have the benefit of the milder and changed penalties secured to him by the Revised Statutes, enacted in this behalf." Another ground of this motion is that by the Revised Statutes the number of peremptory challenges allowed the accused when the indictment was found has been cut down, and the number allowed the State has been increased; and that this change affects to a serious degree the substantial

rights of the accused. The indictment against the accused alleges that the offense was committed before the Revised Statutes went into effect, and the indictment was found before that time. It is entirely clear, both under the Constitution (Art. III, sec. 32) and the Revised Statutes (sec. 2353), that the constituent elements of the crime for the commission of which the accused was indicted, it having been committed before the Revised Statutes went into effect, have not been changed or attempted to be changed. Upon the indictment the accused stood for trial under the law in force when the offense was committed, so far as the essential elements of the crime itself are concerned, and no changes in these respects have been made by the subsequent law. In view of what has already been said by this court on this subject, further discussion is unnecessary. Reynolds vs. State (decided at this term), and authorities therein cited.

It is not contended that the indictment is bad under the law as it existed at the time it was found, and the result is that no sufficient reason was shown for quashing the indictment. It may be stated that even if the change in reference to the number of peremptory challenges allowed in criminal cases was unauthorized so far as it applies to past offenses, this would be no ground for quashing the indictment. But it has been decided here that the change in reference to peremptory challenges appertains to the remedy, and does not affect the essentials of the crime itself. Mathis vs. State, 31 Fla., 291, 12 South. Rep., 681.

The grounds alleged in the other motion are: 1st. That unlawful homicide, of which the defendant was convicted, is created and defined by statute, and since the killing charged in the indictment, the constituent elements of unlawful homicide and the procedure ap-

plicable thereto have been changed by legislative en-actment to the disadvantage of the accused and the impairment of his rights as they existed at the time the alleged offense was committed; 2nd. The indict-ment under the law when found charged manslaughter in the third degree punishable by imprisonment for a term not more than four, nor less than two years, but at the time of trial under the procedure then governing manslaughter in the third degree, had ceased to be a constituent element of homicide, whereby the accused by the operation of an *ex post facto* law was denied the right secured to him by the former law, of having the jury consider whether or not the alleged killing was done in the heat of passion without a design to effect death by a dangerous weapon; 3rd. The court erred in giving severally the charges given to the jury; 4th. The court erred in sustaining demurrer to the plea demurred to by the State; 5th. The record in the case showed that the prisoner has been confined under the sentence of the law pronounced by this court in the State penitentiary, in partial satisfaction of the sentence pronounced by this court for the identical offense for which, if the verdict stands, he must suffer the death penalty.

The fourth ground, relating to the action of the court on the demurrer to the plea, has already been considered. The record before us does not afford any information in reference to the confinement of the ac-cused in the State penitentiary, and hence we need say nothing about the fifth ground of the motion. The bill of exceptions does not contain the charges given by the court to the jury, or the evidence introduced in the case, and it at once becomes apparent that there is nothing for us to consider under the remaining grounds of the motion. The mere recital of a fact in a motion

is, of course, no evidence of its existence. We do not know that the accused was deprived of any right secured to him under the law, but the presumption, in the absence of any showing to the contrary, is that the correct rules of law were applied in the trial of his case. Not knowing what the instructions to the jury were, we can not assume that the court did not charge them on all the degrees of the offense included in the indictment, made necessary or proper by the evidence.

On the record before us the judgment must be affirmed, and it will be so ordered.