MACK MAGILL, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA DEFENDANT IN ERROR.

Where the testimony for the State establishes the offence against an accused beyond a reasonable doubt, it will not be set aside by the appellate court because of conflicts produced by the testimony of two witnesses introduced for the defence tending to establish an *alibi* for the defendant.

Writ of Error to the Criminal Court of Record for Duval County.

The facts in the case are stated in the opinion of the Court.

*John Wallace*, for Plaintiff in Error.

*The Attorney-General*, for Defendant in Error.

MABRY, J.:

Plaintiff in error was convicted in the Criminal Court of Record for Duval county of robbery, on an information under section 2398 Revised Statutes, reading as follows, *viz*: "Whoever by force, violence or assault, or putting in fear, feloniously robs, steals and takes from the person of another money or other property, which may be the subject of larceny, (such robber not being armed with a dangerous weapon) shall be punished by imprisonment in the State prison not exceeding fifteen years." No question was raised in the trial court, or insisted on here as to the sufficiency of the information, the admissibility of evidence or the correctness of the instructions given by the court to the jury. The sole question presented is whether or not the evidence will support the conviction; and after an examination of the record we are clearly of the opinion that the judgment can not be set aside on the objection made. The testimony offered by the State clearly established the robbery and identified the accused as the guilty party. The defendant denied the charge and proved by two companions facts which, if true, would tend to establish an *alibi*. Where the testimony for the State, if true, establishes the offence against an accused beyond a reasonable doubt, it is not the province of the appellate court to set aside a verdict thereon because of conflicts produced

by the testimony in favor of the defence. Such matters are setttled exclusively by the jury.

The judgment must be affirmed, and an order will so be made.