AARON DENMARK, PLAINTIFF IN ERROR, VS. THE STATE
OF FLORIDA, DEFENDANT IN ERROR.

Criminal law—Grand juror as trial juror—Waiving challenge—
Section 2851 Revised Statutes construed—Sealing charges.

1.  The inhibition placed by section 2851 Revised Statutes upon
the serving of a grand juror as a member of the trial jury to
try an indictment found by him as such grand juror is clearly
and expressly made conditional upon a challenge being inter-
posed by the defendant for that cause. The effect of the
statute is not absolutely to disqualify a grand juror from
serving on a trial jury to try indictments found by such
grand juror, but makes it only a ground of challenge for
cause, which challenge the defendant may waive or not as
he sees proper. By accepting the juror without exercising this
right of challenge given him by the statute the defendant
waives such right, and it is too late after verdict to claim
the benefit of it. It is the right and duty of defendants in
criminal trials to discover on the voir dire examination of
talesmen offered as trial jurors  disqualifications  in  and
grounds of challenge for cause to, such talesmen, and if they
fail so to do, they cannot, after verdict, avail themselves of
their ignorance of the existence of such grounds of challenge.

2.  Since the adoption of our Revised Statutes in 1892, the for-
mality of sealing charges by the trial judge is no longer
required.

Writ of error to the Circuit Court for Duval County.

The facts of the case are stated in the opinion of the
court.

*Charles B. Peeler,* for Plaintiff in Error.

*William B. Lamar,* Attorney-General, for Defendant in Error.

TAYLOR, C. J.

The plaintiff in error was indicted on November 22nd, 1893, in the Circuit Court of Duval county, for murder in the first degree. On July 6th, 1900, he was arraigned, and on July 11th, 1900, he was tried and convicted of murder in the first degree, and on July 13th, 1900, was sentenced to death, and from this judgment takes writ of error.

The first assignment of error is that the court erred in passing judgment upon the defendant, because the indictment is insufficient in law, form and substance upon which to base a judgment. We might disregard this assignment on the ground that it has been abandoned here without argument, but, *in favorem vitae,* we have examined the indictment upon which the trial was had, and find no defect therein.

The second assignment of error is the denial of the motion for new trial. The grounds of the motion for new trial are: 1st. That the verdict is not supported by the evidence.

2nd. That the verdict is contrary to the law.

3rd. That the verdict is contrary to the law as charged by the court and the evidence produced on the stand.

4th. That one of the jurors in this cause, to-wit: W. C. O'Neil, was member of the grand jury which found

this indictment in this court at the Fall term for the year
A. D. 1893.

As to the first three grounds of this motion, without
rehearsing the evidence, it is sufficient for us to say that
we have carefully considered the evidence and find it to be
amply supportive of the verdict found from the stand-
point of both law and fact.

In support of the fourth ground of the motion, it
was shown by affidavits and from copies of the minute
entries of the Circuit Court for the November term, 1893,
that the juror W. C. O'Neil who sat upon the trial jury
was also a member of the grand jury that found the in-
dictment, and it was further shown that neither the pris-
oner nor his counsel knew of such fact until after the
verdict, but immediately upon the discharge of the jury
the prisoner's counsel asked the juror W. C. O'Neil if he
was not on the grand jury that found the bill, and the
juror promptly replied that he was.

Section 2851 of our Revised Statutes provides as
follows: "No member of a grand jury which finds a
bill of indictment shall be put upon a jury for the trial
of that indictment, if challenged for that cause by the
defendant." In the case of Gavin v. State, decided here
at the last term, it was said of this statute: "The inhi-
bition here placed upon the serving of a grand juror as
a member of the trial jury to try an indictment found by
him as such grand juror is clearly and expressly made
conditional upon a challenge being interposed by the de-
fendant for that cause. The effect of the statute is not ab-
solutely to disqualify a grand juror from serving on a
trial jury to try indictments found by such grand juror,
but makes it only a ground of challenge for cause, which

challenge the defendant may waive or not as he sees proper. By accepting the juror without exercising this right of challenge given him by the statute the defendant waived such right, and it was too late after verdict to claim the benefit of it." The ignorance of the fact by the defendant that the juror was a member of the indicting grand jury can not excuse his failure to exercise his right of challenge. It appears from the promptness with which the juror informed his counsel of the fact on the enquiry made after the verdict, that had the defendant made the same inquiry of the juror while on the *voir dire*, that the fact would then have been disclosed to him, and no reason is shown why such inquiry was not made of the juror on the *voir dire;* a proceeding the purpose of which' is to disclose disqualifications in and grounds of challenge to talesmen proposed for jurors. A brief examination of the minutes of the court for the term at which the indictment was found that there were there present and accessible, would likewise have disclosed the fact. Under the circumstances the defendant must be held to have waived his right of challenge to this juror, and that the objection to the juror comes too late after verdict, either as ground of a motion for new trial or in arrest of judgment.

What has been said disposed also of the third assignment of error, based upon the denial of the defendant's motion in arrest of judgement, the grounds of which were: 1st. That the indictment is insufficient in law, from and substance upon which to base a judgement.

2nd. Because one of the jurors in this case, to-wit: W. C. O'Neil was a member of the grand jury that found the indictment in this court at the Fall term, for the year A. D. 1893.

The fourth assignment of error is that the court failed to *seal* the instructions given to the jury. Since the adoption of our Revised Statutes in 1892 the charges of the court to juries are no longer required to be *sealed* by the judge. The law now only requires them to be in writing and signed by the judge and filed as part of the record in the case. Sections 1091 and 2920 Rev. Stats.; Chapter 4388, acts of 1895.

Finding no error in the record, the judgment of the court below is hereby affirmed.