WILL TEAL, PLAINTIFF IN ERROR, VS. THE STATE OF
    FLORIDA, DEFENDANT IN ERROR.

Criminal law—New trial for want of evidence.

Where there is sufficient evidence in a case to sustain a conviction, and there is nothing in the record to support the assumption that the jury were improperly influenced by considerations

*dehors* the evidence, an appellate court is not authorized to disturb the settlement by the verdict of the credit due to conflicting witnesses.

Writ of error to the Circuit Court for St. Johns County.

The facts of the case are stated in the opinion of the Court.

*L. E. Wade,* for Plaintiff in Error.

*William B. Lamar,* Attorney-General, for the State.

TAYLOR, C. J.

The plaintiff in error, under an indictment charging an assault with intent to murder, was tried and convicted at the Spring term, 1901, of the Circuit Court of St. Johns county, of the crime of assault with intent to commit manslaughter, and appears here by writ of error. The indictment is as follows: "The grand jurors of the State of Florida, empanelled and sworn to inquire and true presentment make in and for the body of the county of St. Johns, upon their oath do present that one Will Teal, late of the county of St. Johns and State of Florida, on the first day of August in the year of our Lord one thousand nine hundred, in the county and State aforesaid, with a certain deadly weapon, to-wit: a gun, then and there being charged with gunpowder and divers leaden shot, which he the said Will Teal then and there held in his hands, feloniously, wilfully and of his malice aforethought and from a premeditated design to effect the death of Burrell Ford, in and upon the said Burrell Ford did make an assault contrary to the statute."

After verdict the defendant moved in arrest of judgment upon the following grounds: 1st. There is no crime charged in the indictment.

2nd. There is no sufficient allegation in the indictment to constitute the offence of assault with intent to murder, or any other of the minor offences included in such offence.

3rd. The indictment does not show that the assault was made with the gun, or that the defendant used the gun in making such assault.

4th. The greatest offence, if any, charged is a simple assault. The denial of this motion is assigned as error.

In the briefs of counsel for the plaintiffs in error filed here this assignment of error is practically abandoned, the only reference to it being as follows: "The court erred in sentencing the defendant, and also in entering a judgment upon a verdict found upon the indictment, there being no sufficient allegations in the indictment to constitute the offence of assault with intent to murder." How or in what particular the indictment is defective or falls short of charging the offence is not mentioned, except as is set forth in the third ground of the overruled motion in arrest, to the effect "that the indicment does not show that the assault was made with the gun, or that the defendant used the gun in making the assault." We think that the indictment does charge with sufficient explicitness that the assault was made with a gun loaded with gunpowder and leaden bullets, &c.

The defendant moved for a new trial on the grounds that the verdict was contrary to the law and the evidence, and because the court erred in sustaining an objection by the State to a question asked by the defendant of his own witness one Harmon Osgood, as to a former state-

ment made by him to defendant's counsel touching the alleged assault. The denial of this motion is assigned as error. There was evidence in the case that, if believed by the jury, was sufficient to sustain the conviction; this being true, and there being nothing in the record upon which the assumption can be predicated that the jury were improperly influenced by considerations outside of the evidence, this court is not authorized to disturb their settlement of the credit due to conflicting witnesses. Browning v. State, 41 Fla. 271, 26 South. Rep. 639, and numerous Florida cases there cited.

During the examination by the defendant's counsel of one Harmon Osgood, a witness for the defence, after the witness had answered that he did not know who shot first—the defendant or the assaulted prosecutor— defendant's counsel asked said witness the following question: "Did you not tell me yesterday on the corner of the street, right over there, in the presence of Rail Teal, that Ford shot first?" The alleged ruling out of this question by the court on an alleged objection thereto by the State Attorney, as before seen, was made a ground of the motion for a new trial, and such alleged ruling is made the third and last assignment of error. There is nothing in the bill of exceptions showing that any objection was made at the trial to said question, neither does the bill of exceptions show that it was excluded by the judge, but the bill of exceptions simply shows that the question was asked of the witness and that he failed to answer it. There is, therefore, no foundation of fact to support this assignment of error.

Finding no error in the record, the judgment of the Circuit Court is hereby affirmed.