BEN McNISH AND SAM BUSH, *Plaintiffs in Error, v.* THE STATE OF FLORIDA, *Defendant in Error.*

1. An appellate court, as well as every other court, will take judicial notice of its own records, so far as they appertain to the case before it for consideration, but will not take judicial notice in deciding one case of what may be contained in' the record of another and distinct case, unless it be brought to the attention of the court by being made a part of the record of the case under consideration.

2. A court takes judicial notice of all prior proceedings of record in a case, and will therefore, take such notice of a former trial and the verdict returned on such trial, 'on the hearing of a demurrer to a plea in bar of once in jeopardy by reason of such former trial and verdict.

3. After the judgment in a criminal case has been reversed by the appellate court on writ of error, and a new trial awarded, and the appellate court has sent its mandate to the trial court, on a second conviction and writ of error therefrom, the appellate court will take judicial notice from its own records, as likewise should the trial court from its own records, of such reversal and remanding.

4. The reversal of a judgment in a criminal action by the appellate court and the awarding of a new trial does not preclude the trial of the defendant again for the same offense upon the same indictment, and such second trial will not put the defendant in jeopardy a second time for the same offense, within the meaning of the constitution of this State.

5. In a criminal action where a judgment rendered has been reversed and a new trial granted, and a second trial is had upon the same indictment in the same court, the entire proceedings constitute one record.

McNish et al. v. State.—Syllabus.

6. No error was committed by the trial court in sustaining the demurrer to the plea in bar interposed by the defendants setting up the former jeopardy, the records of such court showing the former trial and that the judgment entered therein was reversed and a new trial granted by the appellate court.

7. Bailiffs of a former jury are not absolutely disqualified under the statutes of this State from acting as jurors at a subsequent trial, and by accepting a juror, who would be subject to challenge for such cause, the defendant waived such right, and it is too late after verdict to claim the benefit of it.    It is the right and duty of defendants in criminal trials to discover on the *voir dire* examination of talesmen offered as trial jurors grounds of challenge for cause to such talesman, and if they fail to do so they can not, as a general rule, after the verdict avail themselves of their ignorance of the existence of such grounds of challenge.

8. Objections to the qualifications of jurors who might be subject to challenge for cause not raised in the trial court will not be considered by an appellate court.

9. While trial courts should exercise great caution in admitting confessions of the accused in evidence, the fact of the accused being in chains at the time the confession was made, and that the officer to whom the confession was made had a pistol in his pocket does not necessarily render said confession inadmissible.

10. Errors assigned and not argued will be treated as abandoned. Where one of the errors assigned is based upon the overruling of the motion for a new trial, and said motion consists of a number of grounds, an appellate court will consider only such grounds as are argued.

11. Where there is evidence to support the verdict it will not be disturbed or set aside by an appellate court as being against the evidence, where its propriety depends entirely upon the credibility of conflicting witnesses.

This case was decided by the court *En Banc.*

Writ of error to the Circuit Court for Columbia county.

The facts in the case are stated in the opinion of the court.

*A. J. Henry* for plaintiffs in error.

*J. B. Whitfield*, Attorney-General, for the State.

SHACKLEFORD, J.—The plaintiffs in error, together with Will Polite, were jointly indicted at the fall term, 1902, of the Circuit Court for Columbia county for breaking and entering a dwelling house with intent to commit a felony, and were jointly tried at the spring term, 1903, which trial resulted in the acquittal of the said Will Polite and the conviction of plaintiffs in error, who were sentenced to confinement in the State prison at hard labor for a period of two years. From this judgment and sentence plaintiffs in error seek relief here by writ of error.

The indictment was in the usual form, to which all the defendants jointly interposed a plea in bar setting up their arraignment and trial at the fall term, 1902, of said court upon the same indictment, the submission of the issue to the jury, that evidence on behalf of both the State and the defendants was submitted, argument of counsel had, the charge of the court given, the verdict of said jury finding said defendants guilty of breaking and entering a dwelling house with intent to commit a felony, said verdict being set out in full, and the discharge of said jury after the rendition of said verdict, without the consent of said defendants, and without any necessity therefor, the records of the court being expressly referred to in said plea. A demurrer to this plea was interposed by the State and was sustained by the court, which ruling forms the basis of the first assignment of error. We are of the opinion that no error was committed here, though it probably would have been the better practice for the State to have replied to the plea, instead of demurring thereto. That an appellate court, as well as every other court, will take judicial notice of its own records, as far as they appertain to the case in hand, but will not take notice in deciding one case, of what may be contained in the record of another and distinct case, unless it be brought to the attention of the court by being made a part of the record of the case under con-

sideration.   See *National Bank of Monticello v. Bryant,*
13 Bush (Ky.) 419; *Gans v. Holland,* 37 Ark. 483; *Thorn-
ton v. Webb,* 13 Minn. 498; *Dawson v. Dawson,* 29 Mo.
App. 521; 17 Amer. & Eng. Ency. of Law (2nd ed.) 925;
4 L. R. A. 34, note.   And see especially *State v. Bowen,*
16 Kan. 475, to the effect "that the court takes judicial notice
of all prior proceedings in a case, and it is unnecessary to
offer evidence of a former trial, and the verdict returned
on such trial, on the hearing of a plea in bar of 'once in
jeopardy' by such trial and verdict."

This is the second time that this case has been brought
to this court on writ of error.   See *McNish v. State,* 45
Fla. 83, 34 South. Rep. 219.   For the reasons set forth in
the opinion therein the judgment of the Circuit Court en-
tered upon the verdict mentioned in this plea was reversed
and the case remanded for a new trial.   The records of
this court so show, and so must the records of the Circuit
Court, and we take judicial cognizance of our records, in
so far as they relate to this case.   See *Roberson v. State,*
45 Fla. 94, 34 South. Rep. 294.   That the reversal of a
judgment in a criminal action by this court and the award-
ing of a new trial does not preclude the trial of the de-
fendant again for the same offense upon the same indict-
ment, and that such second trial will not put him in jeop-
ardy a second time for the same offense, within the mean-
ing of the constitution, see *Lovett v. State,* 33 Fla. 389,
14 South. Rep. 837; *Gibson v. State,* 26 Fla. 109, 7 South.
Rep. 376; *Johnson v. State,* 27 Fla. 245, 9 South. Rep. 208;
*Golding v. State,* 31 Fla. 262, 12 South. Rep. 525.

The second error assigned is as follows: "The court
erred in proceeding with the trial with the jury as em-
panelled notwithstanding the disqualified juror."

Turning to the bill of exceptions as set forth in the
record, we find that it discloses that during the trial of the
case, after several witnesses had been examined, the State
Attorney stated to the court that it had come to his knowl-
edge since the noon recess was taken that day that a mem-

ber of the jury who had been sworn as a juror in said case was the bailiff of the jury that tried said case before and sat in the court room during the former trial and heard it through, none of which said matters were known to the State Attorney, else said juror would not have been tendered. The record further discloses that said juror qualified on oath, as stated by the court; and, although the court then and there offered to quash the panel, with the consent of counsel, which offer was accepted by the State Attorney, counsel for defendants simply announced that he had nothing to say. He did not seek to have said juror excused or move to quash the panel, but proceeded with the trial, without having any exception taken or noted to the trial so proceeding with said juror. Neither does the fact form one of the grounds of the motion for a new trial, but is raised for the first time in this court. We must refuse to consider this assignment. See *Gavin v. State,* 42 Fla. 553, 29 South. Rep. 405; *Denmark v. State,* 43 Fla. 182, 31 South. Rep. 269; *Ferrell v. State,* 45 Fla. 26, 34 South. Rep. 220; *Sylvester v. State,* 46 Fla. 166, 35 South. Rep. 142; *Hoodless v. Jernigan,* 46 Fla. 213, 35 South. Rep. 656. The case of *Ladd v. State,* 17 Fla. 215, cited by the counsel for plaintiffs in error, is not in point for the reason that the laws of this State do not absolutely disqualify bailiffs from acting as jurors.

The third error assigned is as follows: "The court erred in admitting over the objections of the defendants' attorney the confession or alleged confession of the defendant, Ben McNish."

After a careful examination of the bill of exceptions we fail to discover wherein the court committed an error in admitting this confession. It seems to us that the court exercised great caution in regard to the admission of said confession and followed the rule laid down by us in the former opinion rendered in this case. *McNish v. State, supra.* Counsel for defendants strenuously contends that the confession should not have been admitted in evidence

for the reason that at the time it was made, or alleged to have been made, the defendant, McNish, had a chain locked around his neck, with the other end of said chain fastened to a pole, and the officer to whom the confession was made was alone with said defendant at the time and had a pistol in his pocket, and that these facts of themselves were sufficient to render said confession inadmissible. The authorities do not support this contention. See *State v. Gorham,* 67 Vt. 365, 31 Atl. Rep. 845; *Franklin v. State,* 28 Ala. 9; *State v. Patterson,* 73 Mo. 695; *State v. Whitfield,* 109 N. C. 876, 13 S. E. Rep. 726; *Hopt v. People of Utah,* 110 U. S. 574, 4 Sup. Ct. Rep. 202; *Sparf v. United States,* 156 U. S. 51, 15 Sup. Ct. Rep. 273; *Pierce v. United States,* 160 U. S. 355, 16 Sup. Ct. Rep. 321.

The fourth and last error assigned is that "The court erred in denying and overruling the defendants' motion for a new trial."

We find that twelve grounds were set forth in said motion, but those only are argued by counsel as to the sufficiency of the evidence to warrant a conviction and the correctness of certain charges given by the court. We confine ourselves to the grounds argued. *Hoodless v. Jernigan, supra,* and authorities there cited. We find upon examination that there was ample evidence to warrant the jury in finding the defendants guilty. Said finding was concurred in both by the jury and the trial judge, and, although there was some conflict in the testimony, we must follow our long established practice and refuse to disturb the verdict. As was said by this court in *Browning v. State,* 41 Fla. 271, text 272, 26 South. Rep. 639: "It has been repeatedly held by this court that where there is any evidence to support the verdict it will not be set aside by the appellate court as against the evidence unless it may well be assumed that the jury were improperly influenced by considerations outside of the evidence; and that a verdict will not be set aside by such court where its propriety depends entirely upon the credibility of conflicting witnesses."

Also see the numerous authorities there cited, and, in addition thereto, *Magill v. State,* 42 Fla. 197, 28 South. Rep. 56; *Doyle v. State,* 39 Fla. 155, 22 South. Rep. 272; *Kelly v. State,* 39 Fla. 122, 22 South. Rep. 303; *Teal v. State,* 43 Fla. 580, 31 South. Rep. 282; *Mitchell v. State,* 45 Fla. 76, 33 South. Rep. 1009. In fact, as was said as far back as in the case of *McMurray and Brittain v. Basnett et ux.,* 18 Fla. 609, text 622, "This court has decided this point so often that it has become a little monotonous." In view of the numerous decisions rendered by this court upon this point since that time, this language might be repeated with emphasis. There is nothing whatever before us to show that the jurors were improperly influenced by considerations outside the evidence; indeed, it is not so contended here. It would be profitless to set out the evidence in detail. We have also carefully examined the charges of the court complained of and are of the opinion that they contain no reversible error.

Finding no reversible error in the record, the judgment of the Circuit Court must be affirmed, and it is so ordered; the costs of this appellate proceeding to be taxed against the county of Columbia.

HOCKER, CARTER and COCKRELL, JJ., concur.

TAYLOR, C. J., absent on account of sickness.

WHITFIELD, J., disqualified, took no part in the consideration of this case.