LOUISE LANDIS, Appellant, v. CITY OF MARION, Appellee.

**JUDGMENT:** Res Adjudicata—Void Special Assessment—Appeal—Damages by Unauthorized Change of Grade. On appeal by a property owner from a special assessment which is void because made for an improvement laid' below the established grade, the court acquires no jurisdiction to adjudicate the question of the property owner's damages by reason of such unauthorized change of grade. Sec. 785, Code, 1897.

*Appeal from Linn District Court.*—JOHN T. MOFFIT, Judge.

SATURDAY, JANUARY 20, 1917.

ACTION to recover damages occasioned to abutting property by cutting or excavating a street below the established grade. There was a directed verdict, and from the judgment thereon, plaintiff appeals.—*Reversed and remanded.*

*E. A. Johnson* and *Voris & Haas,* for appellant.

*E. J. Dahms* and *F. L. Anderson,* for appellee.

WEAVER, J.—The plaintiff owns residence property at the corner of Ninth Avenue and Eighth Street in the city of Marion. The grade of these streets was established prior to

JUDGMENT: *res adjudicata:* void special assessment: appeal: damages by unauthorized change of grade.

the matters of which plaintiff complains. The earlier improvements on the property were made before the grade was established, and, when the streets were brought down to accord therewith, they were depressed some 3 or 4 feet below the natural level of plaintiff's lots. It is her claim that she then adjusted her property to this changed condition, constructed permanent sidewalks at the established grade, planted new trees where others had been removed or destroyed, and otherwise improved her property, relying upon the permanence of the grade as fixed by the city. In the year 1914, the city undertook to pave and did pave Ninth Avenue along the front of the property; but, in violation of its duty and authority, it did not lay such pavement at grade, but so excavated and lowered the street that the surface of the pavement, when completed, was and still is an average of 1½ feet below grade, with the result, as she charges, that her property has been materially injured in its appearance, convenience, use and value, and for this she demands a recovery in damages. In its answer, the defendant admits plaintiff's ownership of the property and the establishment of a grade for the streets at that point. It further admits the pavement of Ninth Avenue in 1914, and says that, ''in order to make a safe and satisfactory pavement, it was necessary to make slight and immaterial changes in the grade at and about the street intersection, and that whatever was done in that respect was necessitated by the conditions there existing, and were to the advantage rather than the injury of plaintiff's property.''

As a further plea in bar of plaintiff's right to recover, it is alleged that, the city having levied an assessment upon

this property for the cost of the pavement, plaintiff appeared before the council and filed objections thereto, because of the alleged damage to her lots by the failure to lay the pavement at grade; that, said objections being overruled, plaintiff appealed to the district court, and on the trial both parties offered evidence on the question whether said lot had been benefited by the street improvement; and that said court found and decided that the assessment as made by the city council should be set aside and a new assessment levied thereon. This judgment, the defendant alleges, operates as a prior adjudication of the issues raised in the present action, and no recovery thereon can be had in this proceeding. The issues thus joined were tried to a jury. At the close of the evidence, defendant moved for a directed verdict in its favor, on the grounds that the judgment upon plaintiff's appeal from the paving assessment was a final adjudication of the claim here sued upon. The motion was sustained, a verdict returned accordingly, and judgment entered against plaintiff for costs. The appeal is before us on the single question raised by defendant's plea of prior adjudication.

I. Giving the testimony its most favorable construction for the plaintiff, it tends to show the establishment of grades on both Ninth Avenue and Eighth Street, and that the pavement in question is laid from 1.3 feet to 1.9 feet below grade along the entire front of her property. It also tends to show that the plaintiff has, to a greater or less extent, improved her property with reference to the established grade, and that, by the sinking of the street below grade, she has sustained an injury. On this showing, she was clearly entitled to go to the jury on the question of damages, unless it can be said as a matter of law that such question has already been adjudicated. See Code Sections 782, 785, and 789, and the decisions of this court referred to in the annotations to said sections.

II. To support this plea, defendant relies on the record showing that plaintiff's property was, over her objection,

assessed the sum of $464.64 for payment of the expense of paving; that she appealed therefrom to the district court; and that, upon the trial of said appeal, the court set aside the assessment made by the city council, and entered a new assessment in the aggregate sum of $250. The objections filed by the plaintiff to said assessment were stated in several paragraphs, including (1) its excessive character; (2) the arbitrary method employed; (3) (4) the inclusion of improper items of cost; (5) levy on one lot in excess of statutory limit; and (6) that the construction of the pavement below grade had caused damage to her property in excess of any benefits conferred by the improvement. To this, she added a denial of the power or authority of the city council to legally assess her property for the construction of pavement and gutter below the established grade. Restating that proposition, she alleged that the council acted unlawfully and without authority or jurisdiction in constructing the improvement below grade, and was, therefore, without power or jurisdiction to make an assessment for the cost thereof on her lots. The evidence given on that hearing is not included in the record before us, except by statements of counsel, which in substance concede that such evidence, for the most part, does not differ from that to which we have already referred as having been given in this case. Among other things, it is not denied that each party offered evidence on the effect of the street improvement, as made, upon the value of the property in question. The question whether the judgment rendered in that appeal was an adjudication of plaintiff's claim for damages arising from the unauthorized change of the actual grade does not necessitate our passing upon the figures or estimates given by witnesses on questions of value or the amount of damages, if any, which plaintiff may be entitled to recover. The first question and, indeed, the decisive one, is whether, on plaintiff's appeal from the special assessment, the district court acquired jurisdiction to hear and try the plaintiff's claim for damages. It is not a sufficient answer to say that such claim

was in fact presented and heard on that trial. If the city council acquired no jurisdiction to make the assessment, then the court on appeal acquired no jurisdiction in the premises except to declare such assessment void and set it aside. Having set it aside, the court retained no jurisdiction to proceed itself to make an assessment, and such assessment would necessarily be as void and ineffectual as the one for which it was substituted. That such assessment was void has been held by this court in an appeal prosecuted therefrom. See *Landis v. Marion*, 176 Iowa 240. Following that decision, we must hold that the city did act without authority in depressing the street and pavement below grade; that neither the city council nor district court had authority to levy a special assessment for such alleged improvement upon plaintiff's property; and that the assessment so levied was, therefore, void. Such being the law as here settled, we should put ourselves and the parties in a most anomalous position to here say that, although this plaintiff rightfully resisted the imposition of an illegal and void assessment upon her property, yet the very fact that she did so resist estops her from the right to demand and recover damages for the unlawful act of the city in excavating and lowering the street below grade. In other words, while saying that the assessment is void, we would be enabling the city to collect it by the indirect method of setting off such wrongful assessment against the city's liability to plaintiff for the injury wrongfully done by itself to her property. This view of the case makes unnecessary any special reference to other features of the record or other points discussed in argument. The propriety of the holding we thus announce is, in point of principle, sustained by *Poole v. Seney*, 70 Iowa 275, and the case therein cited, *Waldron v. Ely*, 2 N. J. L. 75. See also *Armstrong v. Colby*, 47 Vt. 359; *Thornton v. Webb*, 13 Minn. 498; and *Parker v. Panhandle Nat. Bank* (Tex.), 35 S. W. 31. But even if we were to take no judicial notice of the fact that the two cases are but phases of one controversy, we would still be authorized to consider the decision in the other case as a

controlling precedent, and find (as we should have been compelled to find in any event) that the assessment is void. Taking either course, the same result is inevitable. The trial court erred in directing a verdict for defendant. The judgment below is, therefore, reversed, and cause remanded. for new trial.—*Reversed and remanded.*

GAYNOR, C. J., EVANS and PRESTON, JJ., concur.