HERMAN OVERSTREET and ROBERT COURTNEY, Petitioners, v. HARRY N. SANDLER, as Judge of the Circuit Court, Thirteenth Judicial Circuit, Hillsborough County.

186 So. 247.
Opinion Filed June 16, 1938.
On Rehearing October 25, 1938.

*Hugh L. McArthur* and *Baya M. Harrison, Jr.,* for Petitioners;

*Cary D. Landis,* Attorney General, *Tyrus A. Norwood,* Assistant Attorney General, and *J. Rex Farrior,* State Attorney, for Respondent.

BUFORD, J.—This case is before us on motion to discharge the rule *nisi* and dismiss the writ in prohibition proceedings wherein it is alleged:

"Your petitioners further suggest that a Grand Jury, duly empaneled and sworn, in the Circuit Court of the Thirteenth Judicial Circuit of the State of Florida in and for the County of Hillsborough, at the Spring Term thereof, A. D. 1936, returned an indictment against them and each of them, charging that they murdered on the 7th day of June, A. D. 1936, one W. G. Chester, alias 'Nubby' Chester; said indictment containing two counts, the first count charging the defendants as principals of being guilty of said murder, and the second count charging one with actually committing the crime and the other as principal in the second degree; said indictment was duly filed in the office of the Clerk of the Circuit Court on June 18, 1936, entitled 'State of Florida v. Herman Overstreet and Robert Courtney,' and thereafter identified as Case No. 21508-L; that thereafter in said court upon arraignment the defendants and each of them entered a plea of 'Not Guilty' and upon said plea the State joined issue; that thereafter on

the 28th day of April, A. D. 1937, in said Court a jury was duly organized and sworn to try the issues joined in said case between the State of Florida and the defendants; that thereafter evidence on behalf of the State was introduced and the jury charged to try said issues; that thereafter said evidence being closed, the said jury retired under the charge of that Court to consider their verdict, whereupon the defendants and each of them became and were entitled to a deliverance from and by said jury so selected, upon the issues so joined, and these defendants aver that the said jury was discharged from the consideration and determination of said issues without rendering its verdict thereon, except as hereinafter specified by Exhibit A attached hereto and made a part hereof, and without the consent of these defendants and contrary to their objections and without necessity for such discharge.

"That the defendants objected to the acceptance of that portion of the verdict that appeared to find one of the defendants guilty of the charge contained in one count or the other; that thereafter the purported verdict was accepted by the Court not only without the consent of the defendants but over the objections of said defendants and each of them, as will more clearly appear by a true copy of the proceedings which is hereto appended marked Exhibit 'C' and requested to be made a part hereof as if set out in *haec verba* herein, and said jury was discharged without necessity therefor.

"Thereafter on the 12th day of May A. D. 1937, the Court of its own motion set aside the verdict in the above styled cause and granted a new trial in said cause and ordered said cause to be set for trial on Monday, May 24th, 1937, at 9:00 o'clock A. M., all of which will be more clearly seen by reference to Page 9 of the transcript of the minutes attached hereto and indicated 'Exhibit D.'

"You petitioners further suggest that on May 17, 1937, they filed a plea of former jeopardy in said cause as follows;"

Then follows, as set forth, the pleas of former jeopardy which are not necessary to be copied here.

The record before us shows that after verdict was entered there was a motion made by defendant for a new trial. The record does not show what that motion contained.

The record shows that the verdict was "We, the Jury, find the defendants guilty as charged with a recommendation to mercy. So say we all." This was not a proper verdict and should not have been received by the court.

If the defendants had been adjudged guilty and sentenced on the verdict and the cause had been brought by writ of error here for review, the judgment would have been reversed because of the insufficiency of the verdict. The Circuit Court had the same right to set aside the verdict and grant a new trial during the same term of court and before writ of error had been sued out, that this Court would have had to reverse the judgment, had it been brought here for review. When the Circuit Court is convinced after the completion of a trial that reversible error had been committed and that a valid judgment cannot be entered against the accused charged with a criminal offense under the verdict rendered, it is the duty of the trial judge to grant a new trial, either of his own volition or on motion timely represented.

It, therefore, follows that the rule will be discharged and the cause dismissed.

So ordered.

WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.

PER CURIAM.—This case is again before us after rehear-

ing granted and after reargument before the entire Court. In our opinion filed herein on June 16, 1938, we said:

"If the defendants had been adjudged guilty and sentenced on that verdict and the cause had been brought by writ of error here for review, the judgment, would have been reversed because of the insufficiency of the verdict. The Circuit Court had the same right to set aside the verdict and grant a new trial during the same term of Court and before writ of error had been sued out, that this Court would have had to reverse the judgment, had it been brought here for review. When the Circuit Court is convinced after the completion of a trial that reversible error has been committed and that a valid judgment cannot be entered against the accused charged with a criminal offense under the verdict rendered, it is the duty of the trial Judge to grant a new trial, either of his own volition or on motion timely presented."

. In petition for rehearing it was contended: "The jury returned a verdict as follows: 'We, the jury, find the de fendant (s?) guilty as charged and recommend mercy.' Your petitioners, *the defendants, objected to the acceptance of this verdict before it was accepted,* specifying as grounds, therefore, its failure to comply with the requirements of the Statu.e. This objection was overruled and the purported verdict was ordered to be filed, whereupon your petitioners *objected and protested to the discharge of the jury without their having arrived at a verdict based upon the issues submitted.* This later objection was overruled, thereafter, some few days later the court of its own accord ordered a new trial. These facts are set up in the petition to which the respondent filed a motion to quash. which for this purpose admit of the truth of these facts alleged. It will be noted that the purported verdict may be in the singular or the plural. The curlicue on the 't,' the

last letter of the word defendant may have been intended as a cross of the 't' or as a "s.' Thus there arises as a result of these facts the two following questions:"

We have again inspected photostatic copy of the verdict and must hold that the verdict reads "defendant*s*."

The record shows that the only objection to receiving and recording the verdict was as follows; the jury reported its verdict to the court in open court and it was read in open court by order of the trial judge. The following proceedings occurred:

"By Mr. McArthur: I wish to advise the Court at this time, before the jury is dismissed, we except to the acceptance of this verdict on the ground that it came to the attention of the defendants in this case that Pasco Alonzo is not the name of Pasco Alonzo and he is not the party indicated by the County Commissioners, certified to Your Honor and certified to the Clerk of this Court as a prospective juror I ask that the verdict of this jury be not accepted, because it was not returned by twelve men in accordance with the requirements of the law.

"By the Court: Motion denied. * * *

"By Mr. McArthur: I want to call attention to the same case of Valenti. I move under the circumstances that this verdict is highly improper and I ask that the Court not accept the same.

"By the. Court: Motion denied.

"By Mr. McArthur: I file a motion for a new trial and I ask that the verdict be not accepted."

It will be observed that neither of the defendants objected to the form of the verdict but the sole objection presented was that two men had served on the jury who were not the men summoned to serve. It is too well settled to require any citation of authorities that such objections must be raised before trial.

In Lovett v. State, 33 Fla. 389, 14 Sou. 837, we said: "The record shows that the jury found the defendant guilty as charged in the indictment, with a recommendation of mercy to the court. The contention of counsel for plaintiff in error is that the verdict of guilty as charged in the indictment amounted to no verdict at all, and that the discharge of the jury upon its rendition operated as a liberation of the indictment. This contention is without legal support. It is based upon the theory that the defendant was twice put in jeopardy for the same offense. It is said by Dillion, J., in State v. Redman, 17 Iowa 329: 'In general, it may be said that jeopardy begins when a trial jury, upon a sufficient indictment, in a court of competent jurisdiction, has been empaneled and sworn to try the cause. * * * But the jeopardy is not considered as attaching in such cases, although the jury has been sworn, if during the trial the presiding judge becomes so ill as to be unable to proceed; * * * or if a juror's illness prevents him from sitting farther on the trial; * * * or if the prisoner's sudden illness incapacitates him from attending or managing his defense; * * * or if the jury, after full deliberation, are unable to agree; * * * or if the defendant is erroneously convicted and obtains a reversal of the judgment. In all such cases he may be put on his trial again and cannot claim a discharge or acquittal because a jury has been once before empanelled and sworn to try the cause. And we understand the settled doctrine to be that where the verdict is a nullity (or so defective that no judgment can be rendered upon it), the defendant may again be put upon his trial, certainly where the verdict was intended to be one of conviction, for in such case it is rather a mistrial than a legal putting in jeopardy.' "

The question presented here is not entirely dependent for its answer upon the determination of whether or not

the trial judge granted a new trial upon his own motion or granted it upon the motion of the defendants, but is dependent primarily upon whether or not the defendants and their counsel waived the plea of jeopardy by sitting idly by and lulling the court into a s'ense of security and allowed the acceptance by the court of a verdict that is invalid without objection by defendants based upon the informities which appear on the face of the verdict. In this case the defendants objected to the acceptance of the verdict but the objections made were on untenable grounds and there was no objection upon the ground that the verdict did not name the degree of unlawful homicide of which the defendants were found guilty.

If we apply reason, as well as law, to this case we are bound to come to the conclusion that if the trial court had denied motion for new trial and entered judgments against the defendants and they had then sued out writ of error to this court that this court would have, on review of that judgment, reversed it and remanded the cause to the lower court for a new trial, just as was done in the Lovett case, *supra*.

Certainly the appellate court has no more power to reverse a judgment and grant a new trial because of errors apparent upon the record than the trial court has to set aside a verdict and grant a new trial when he, before judgment is entered, discovers that a fatal error appears on the record.

We are not required in this case to determine what our judgment would be if the defendants had pointed out the infirmity existing in the verdict when objecting to its being received and filed and the court had overruled that objection and, regardless thereof, discharged the jury. This is true because such question is' not presented in the record before us at this time.

For the reasons stated, our former judgment entered herein on June 16, 1938, is adhered to.

So ordered.

WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.

ELLIS, C. J., dissents.