PER CURIAM.
Hampton appeals the denial of his Rule 3.850 motion, which alleged his counsel had ineffectively assisted him at his trial. Hampton had earlier raised the same issue on direct appeal in Hampton v. State, 396 So.2d 1236 (Fla. 1st DCA 1981), in which we per curiam affirmed on the authority of State v. Barber, 301 So.2d 7 (Fla. 1974), requiring a defendant to raise such issue via a 3.850 motion.
Hampton specifically alleged that his counsel was ineffective for two reasons: (1) Counsel “failed to effectively cross-examine [certain] state witnesses,” and (2) counsel “erroneously believed that he could not request an instruction on lesser offenses and therefore he did not request a lesser and it was not preserved for [his] appeal.” As to the first ground alleged, we agree that the conclusory nature of the claimed deficiency is such that it does not meet the first factor in the four-factor test, required in Knight v. State, 394 So.2d 997, 1001 (Fla. 1981), that the claim of ineffectiveness “be *1155 detailed in the appropriate pleading.” The second assertion, however, on its face alleges a serious deficiency, since a failure to give a lesser included offense once removed, upon appropriate objection, is deemed harmful error. See State v. Abreau, 363 So.2d 1063 (Fla. 1978). Hampton specifically alleged that he was convicted of burglary, grand theft, and resisting arrest with violence. The trial court’s order of denial stated that the second ground was without merit because there was no dispute at trial that the value of the goods which were taken was more than $100.00. Although the record in the instant case did not include a transcription of the trial proceedings which conceivably may have supported the trial court’s order, we have nevertheless reviewed the record in the prior appeal, and it does in fact show that the value of the goods stolen was in excess of $100. We are of course permitted to take judicial notice of the record of a prior appeal involving the same case. See McNish v. State, 47 Fla. 69, 36 So. 176 (1904).
Accordingly, the order denying the motion to vacate is
AFFIRMED.
MILLS, ERVIN and LARRY G. SMITH, JJ., concur.