L. SMITH, Judge.
Oliver urges on appeal that the trial court erred in denying his motion under Rule 3.850, Florida Rules of Criminal Procedure, claiming ineffective assistance of counsel. His earlier appeal from his robbery conviction was affirmed by this court without opinion. Oliver v. State, 453 So.2d 47 (Fla. 1st DCA 1984), Case No. AU-173, decision filed June 4, 1984.
Appellant’s contention that his trial counsel rendered ineffective assistance because he failed to assert Fourth Amendment, and Article I, Section 12, Florida Constitution, grounds in the motion to suppress evidence secured by means of his unlawful arrest is completely without merit. As the State urged below, although trial counsel’s written motion to suppress was based on Fifth, Sixth and Fourteenth Amendment grounds, at the suppression hearing appellant’s counsel orally moved to amend to include Fourth Amendment grounds, which were thereafter fully argued by counsel and considered by the trial court.
We have noted that the trial judge’s order denying appellant’s Rule 3.850 motion erroneously recites that the suppression motion was based only on the Fifth, Sixth and Fourteenth Amendments. However, this oversight is harmless, since we have the trial record before us (in Case No. AU-173) and have determined from our own independent examination[1] that appellant’s counsel fully and adequately presented and argued the Fourth Amendment (and its Florida constitutional counterpart) in urging that appellant’s confession was obtained as the result of an unlawful arrest and seizure.
The order appealed from is AFFIRMED.
JOANOS and ZEHMER, JJ., concur.

. We are permitted to take judicial notice of the record in prior appeals of the same case to this court. Hampton v. State, 403 So.2d 1154 (Fla. 1st DCA 1981).